PROB 12C
Rev 2/03

# United States District Court

## for

## Southern District of Ohio

## Petition for Warrant or Summons for Offender Under Supervision

| | |
|---|---|
| Name of Offender: | **Terri Nicole Shelton**  Case Number: **1:01CR00077-003**  **1008 York Street**  **Cincinnati, Ohio 45214** |
| Name of Sentencing Judicial Officer: | **The Honorable S. Arthur Spiegel**  **United States Senior District Judge** |
| Date of Original Sentence: | **April 18, 2002** |
| Original Offense: | **Count One-Conspiracy to Distribute Firearms, in violation of 18 U.S.C. § 371** |
| Original Sentence: | **12 month(s) probation**  **06-11-03: Probation revoked, 6 months imprisonment, 2 years supervised release; 12-05-03: Released on term of supervised release**  **10-15-04: Supervised release revoked, 9 months imprisonment, 1 year supervised release; 09-02-05: Released on term of supervised release** |
| Special Conditions: | 1) **No federal, state, or local crimes**  2) **No illegal possession of a controlled substance**  3) **Refrain from any unlawful use of controlled substances, and submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter**  4) **No firearms, destructive devices, or other dangerous weapons**  5) **Participate in substance abuse treatment as directed by the probation officer**  6) **Pay outstanding $480 fine balance in full** |

Type of Supervision: **Supervised Release**         Date Supervision Commenced: **September 2, 2005**

Assistant U.S. Attorney:                                                     Defense Attorney:
**Timothy D. Oakley, Esq.**                                           **Michael J. Wiethe, Esq.**

PROB 12C
Rev 2/03

2

# PETITIONING THE COURT

[X]   To issue a summons and toll the term of supervised release which is scheduled to expire on September 1, 2006.
[ ]   To issue an Order to Appear and Show Cause
[ ]   To grant an exception to revocation without a hearing

The probation officer finds, under penalty of perjury, that probable cause exists to believe the defendant has violated one or more conditions of supervision exists:

| Violation Number | Nature of Noncompliance |
|---|---|
| #1 | Shelton has allegedly violated the standard supervised release condition that states: "The supervised releasee shall report to the probation officer and shall submit a truthful and complete written monthly report within the first five days of each month". The offender failed to report for supervision as directed with this officer on October 7, 2005, November 7, 2005, May 8, 2006, and August 14, 2006. Additionally, Shelton failed to contact this officer and make an effort to reschedule any of these supervision meetings. |
| #2 | The offender has allegedly violated the standard supervised release condition which states: "The supervised releasee shall refrain from any excessive use of alcohol, and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance or paraphernalia related to such substances except as prescribed by a physician". On March 27, 2006, April 17, 2006, and on August 8, 2006, the offender submitted to urinalysis at the U.S. Probation Office. All of these urine specimens were returned positive for marijuana metabolite. |
| #3 | Shelton has also allegedly violated the special supervised release condition which states: "The releasee shall participate in substance abuse treatment as directed by the probation officer". On August 4, 2006, Shelton was negatively terminated from the outpatient substance abuse treatment program at The Crossroads Center due to her failure to attend counseling sessions. Records received from the treatment center reveal that the offender failed to report for any group and/or individual substance abuse counseling sessions at that agency during the month of July 2006. |
| #4 | The offender has allegedly violated the special supervised release condition which states: "The releasee shall pay her outstanding $480 fine balance in full". The offender has been on supervised release supervision since September 2, 2005, and has not paid anything towards her outstanding $480 fine balance with less than two weeks remaining in her period of supervised release. |

PROB 12C
Rev 2/03

3

U.S. Probation Officer Recommendation:

Previous records have indicated that Shelton has reported to the Court for violation hearings after being summoned.

The term of supervision should be
    [X]    Revoked.
    [ ]    Extended for years, for a total term of years.
    [ ]    Continued based upon the exception to revocation under 18 USC 3563(e) or 3583(d)
    [ ]    The conditions of supervision should be modified as follows:

I declare under penalty of perjury that the foregoing is true and correct.

Executed on **August 22, 2006**

*David J. Backman* by

**David Backman**
U.S. Probation Officer

Approved,

*Mark R. [signature] for*

**John Cole**
Supervising U.S. Probation Officer
Date:    **August 22, 2006**

---

THE COURT ORDERS:

[ ] No Action
[ ] The Court finds that there is probable cause to believe the defendant has violated the conditions of his/her probation/supervised release and orders the Issuance of a Warrant for his/her arrest.
[ ] The Issuance of an Order to Appear and Show Cause
[ ] The Court finds the defendant can benefit from continued substance abuse treatment and grants an exception to revocation. The supervision term of the defendant is continued under all original terms and conditions.
[✓] Other - The issuance of a summons and the tolling of the term of supervised release which is scheduled to expire on September 4, 2006

Signature of Judicial Officer

Date 8/24/06